Dear Mr. Sharp:
Your request for an Attorney General's opinion was forwarded to me for research and reply. Your question as we understand it is, whether the provisions of LSA-R.S. 33:404.1 are applicable to an individual who has been appointed by the board of alderman to fill the un-expired term of an elected official?
Louisiana Revised Statute 33:404.1 provides that:
 The board of alderman shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any non-elected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected. (Emphasis Added).
As provided in LSA-R.S.33:404.1, the compensation of an elected official may be reduced, but not during the term served. The same applies for an appointee who serves the un-expired term of the elected official. Our office addressed this issue in La.Atty. Gen. Op. Nos. 98-483 and 02-0027, wherein we opined that the "appointment of an individual to fill the position on an interim basis does not change the protection and benefits afforded one who occupies this elected position. As such, an appointee who serves in such a capacity for the remainder of the elected term as contemplated by LSA-R.S. 33:404.1,
notwithstanding the shorter term, has the same safeguards while serving the un-expired term. To reduce the appointees salary while serving an un-expired term would be a direct violation of33:404.1 and would also stand in violation of constitutional authority, specifically, LSA-Const. Article VI, Section 12(1974), which sets forth the following:
 The compensation or method of fixing the compensation of an elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall provided in its charter. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected.
In your opinion request, you also mentioned the possibility of establishing, by ordinance, a base salary for the mayor's position. You said that the concept envisioned by the town is to increase the mayor's salary annually in established increments during his tenure, but to have the "base" salary remain fixed by ordinance, so that each time a new mayor is elected or his position is assumed by appointment, the new mayor would commence service with a salary "rolled back" to the base amount set by the board pursuant to the ordinance. As provided by 33:404.1 and LSA-Const. Art VI, Sec. 16, local governmental subdivisions are given authority to set compensation or the method of fixing compensation through an ordinance. Accordingly, the board has been granted authority, to establish a method of fixing compensation for the mayor as well as other municipal employees, which reasonably includes provisions establishing a base salary and "roll back" provisions. However, once a term begins and the elected official's salary increases pursuant to established increments during the tenure, should the elected official leave prior to the expiration of the term, an appointee is entitled to the salary received by the outgoing incumbent as provided by law. Thus, should an appointed individual fill the un-expired term, you can not "roll back" the salary to the base salary established by ordinance during the term without offending the constitutional and statutory provisions. In closing, this office believes that you are correct in your assumption that33:404.1 is addressed to the position/office as opposed to the occupant/individual of the office.
We hope this opinion sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: __________________________
 CHARLENE PATTERSON Assistant Attorney General